EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 11/15/2021 11:49 AM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Tarasyuk,Deputy Clerk

Case 2:22-cv-00024-MRW   Document 1-1   Filed 01/03/22   Page 2 of 42   Page ID #:21

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jeffrey A. Rager, Esq. SBN 185216;<br>The Rager Law Firm<br>2321 Rosecrans Ave., Suite 4255<br>El Segundo, CA 90245<br>TELEPHONE NO.: (310) 527-6994     FAX NO.:<br>ATTORNEY FOR *(Name):* Plaintiff, KENNA DONORA PORTER | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Porter v. Delta Airlines, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 21STCV41986<br><br>JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort**<br>☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23) | ☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37)<br>**Real Property**<br>☐ Eminent domain/Inverse<br>condemnation (14)<br>☐ Wrongful eviction (33) | ☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30)<br>☐ Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| **Non-PI/PD/WD (Other) Tort**<br>☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35) | ☐ Other real property (26)<br>**Unlawful Detainer**<br>☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br>**Judicial Review**<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11) | **Enforcement of Judgment**<br>☐ Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>☐ RICO (27)<br>☐ Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21) |
| **Employment**<br>☑ Wrongful termination (36)<br>☐ Other employment (15) | ☐ Writ of mandate (02)<br>☐ Other judicial review (39) | ☐ Other petition *(not specified above)* (43) |

2. This case ☐ is  ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties          d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel     e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                   in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence               f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 7
5. This case ☐ is  ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 12, 2021

Jeffrey A. Rager
_____
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
　Auto (22)–Personal Injury/Property
　　Damage/Wrongful Death
　Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
　Asbestos (04)
　　Asbestos Property Damage
　　Asbestos Personal Injury/
　　　Wrongful Death
　Product Liability *(not asbestos or toxic/environmental)* (24)
　Medical Malpractice (45)
　　Medical Malpractice–
　　　Physicians & Surgeons
　　Other Professional Health Care
　　　Malpractice
　Other PI/PD/WD (23)
　　Premises Liability (e.g., slip
　　　and fall)
　　Intentional Bodily Injury/PD/WD
　　　(e.g., assault, vandalism)
　　Intentional Infliction of
　　　Emotional Distress
　　Negligent Infliction of
　　　Emotional Distress
　　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
　Business Tort/Unfair Business
　　Practice (07)
　Civil Rights (e.g., discrimination,
　　false arrest) *(not civil harassment)* (08)
　Defamation (e.g., slander, libel)
　　(13)
　Fraud (16)
　Intellectual Property (19)
　Professional Negligence (25)
　　Legal Malpractice
　　Other Professional Malpractice
　　　*(not medical or legal)*
　Other Non-PI/PD/WD Tort (35)
**Employment**
　Wrongful Termination (36)
　Other Employment (15)

**Contract**
　Breach of Contract/Warranty (06)
　　Breach of Rental/Lease
　　　Contract *(not unlawful detainer
　　　or wrongful eviction)*
　　Contract/Warranty Breach–Seller
　　　Plaintiff *(not fraud or negligence)*
　　Negligent Breach of Contract/
　　　Warranty
　　Other Breach of Contract/Warranty
　Collections (e.g., money owed, open
　　book accounts) (09)
　　Collection Case–Seller Plaintiff
　　Other Promissory Note/Collections
　　　Case
　Insurance Coverage *(not provisionally
　　complex)* (18)
　　Auto Subrogation
　　Other Coverage
　Other Contract (37)
　　Contractual Fraud
　　Other Contract Dispute
**Real Property**
　Eminent Domain/Inverse
　　Condemnation (14)
　Wrongful Eviction (33)
　Other Real Property (e.g., quiet title) (26)
　　Writ of Possession of Real Property
　　Mortgage Foreclosure
　　Quiet Title
　　Other Real Property *(not eminent
　　　domain, landlord/tenant, or
　　　foreclosure)*
**Unlawful Detainer**
　Commercial (31)
　Residential (32)
　Drugs (38) *(if the case involves illegal
　　drugs, check this item; otherwise,
　　report as Commercial or Residential)*
**Judicial Review**
　Asset Forfeiture (05)
　Petition Re: Arbitration Award (11)
　Writ of Mandate (02)
　　Writ–Administrative Mandamus
　　Writ–Mandamus on Limited Court
　　　Case Matter
　　Writ–Other Limited Court Case
　　　Review
　Other Judicial Review (39)
　　Review of Health Officer Order
　　Notice of Appeal–Labor
　　　Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
　Antitrust/Trade Regulation (03)
　Construction Defect (10)
　Claims Involving Mass Tort (40)
　Securities Litigation (28)
　Environmental/Toxic Tort (30)
　Insurance Coverage Claims
　　*(arising from provisionally complex
　　case type listed above)* (41)
**Enforcement of Judgment**
　Enforcement of Judgment (20)
　　Abstract of Judgment (Out of
　　　County)
　　Confession of Judgment *(non-
　　　domestic relations)*
　　Sister State Judgment
　　Administrative Agency Award
　　　*(not unpaid taxes)*
　　Petition/Certification of Entry of
　　　Judgment on Unpaid Taxes
　　Other Enforcement of Judgment
　　　Case
**Miscellaneous Civil Complaint**
　RICO (27)
　Other Complaint *(not specified
　　above)* (42)
　　Declaratory Relief Only
　　Injunctive Relief Only *(non-
　　　harassment)*
　　Mechanics Lien
　　Other Commercial Complaint
　　　Case *(non-tort/non-complex)*
　　Other Civil Complaint
　　　*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
　Partnership and Corporate
　　Governance (21)
　Other Petition *(not specified
　　above)* (43)
　　Civil Harassment
　　Workplace Violence
　　Elder/Dependent Adult
　　　Abuse
　　Election Contest
　　Petition for Name Change
　　Petition for Relief From Late
　　　Claim
　　Other Civil Petition

| SHORT TITLE: Porter v. Delta Airlines, Inc., et al. | CASE NUMBER 21STCV41986 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Porter v. Delta Airlines, Inc., et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Porter v. Delta Airlines, Inc., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Porter v. Delta Airlines, Inc., et al. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: 200 World Way |
|---|---|

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90045 | |
|---|---|---|---|

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: November 12, 2021

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

Electronically FILED by Superior Court of California, County of Los Angeles on 11/15/2021 11:49 AM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Tarasyuk,Deputy Clerk

Case 2:22-cv-00024-MRW   Document 1-1 Filed 01/03/22   Page 8 of 42   Page ID #:27
21STCV41986

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DELTA AIRLINES, INC., a corporation; PHIL LINGARD, an individual, and DOES 1-10, Inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KENNA DONORA PORTER

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):*<br>21STCV41986 |
|---|---|

Los Angeles County Superior Court, Stanley Mosk Courthouse
111 N. Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jeffrey A. Rager SBN 185216, The Rager Law Firm, 2321 Rosecrans Ave., Ste. 4255, El Segundo, CA 90245
Phone: (310) 527-6994

| DATE:<br>*(Fecha)* 11/15/2021 | Sherri R. Carter Executive Officer / Clerk of Court<br>Clerk, by _____ Y. Tarasyuk , Deputy<br>*(Secretario)* *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
               ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
               ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
               ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL] Superior Court of California, County of Los Angeles

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Electronically FILED by Superior Court of California, County of Los Angeles on 11/15/2021 11:49 AM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Tarasyuk,Deputy Clerk

Case 2:22-cv-00024-MRW   Document 1-1   Filed 01/03/22   Page 9 of 42   Page ID #:28

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Barbara Meiers

1 | Jeffrey A. Rager, Esq., SBN 185216
James Y. Yoon, Esq., SBN 289906
2 | Ashley J. Garay, Esq., SBN 318131
The Rager Law Firm
3 | 2321 Rosecrans Ave., Suite 4255
El Segundo, CA 90245
4 | Telephone: (310) 527-6994
E-Mail: jeff@ragerlawoffices.com
5 |        james@ragerlawoffices.com
       ashley@ragerlawoffices.com
6 |
Attorneys for Plaintiff,
7 | KENNA DONORA PORTER

8 |       SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |           COUNTY OF LOS ANGELES

10 |

11 | KENNA DONORA PORTER      )  Case No. 21STCV41986

12 |                      )  COMPLAINT FOR:

13 |       Plaintiff,      )   1. DISABILITY DISCRIMINATION -
                     )      FAILURE TO MAKE
14 |                      )      REASONABLE
                     )      ACCOMMODATION (FEHA)
15 |                      )   2. DISABILITY DISCRIMINATION
     v.              )      (FEHA)
16 |                      )   3. RETALIATION (FEHA)
                     )   4. WRONGFUL TERMINATION IN
17 |                      )      VIOLATION OF PUBLIC POLICY
DELTA AIRLINES, INC., a corporation; PHIL  )   5. FAILURE TO REMEDY AND/OR
18 | LINGARD, an individual, and DOES 1-10,   )      PREVENT DISCRIMINATION
Inclusive.                 )      AND RETALIATION
19 |                      )   6. INTENTIONAL INFLICTION OF
                     )      EMOTIONAL DISTRESS
20 |                      )

21 |       Defendants.     )
                     )  DEMAND FOR JURY TRIAL
22 |                      )

23 |                      )

24 |                      )

25 |

26 |

27 |

28 |

Plaintiff complains and alleges as follows:

1.    Plaintiff, KENNA DONORA PORTER, at all times relevant hereto had been a faithful and loyal employee of Defendant, DELTA AIR LINES, INC. ("DELTA").

2.    At all times herein relevant Plaintiff was a resident of Hawthorne, California, in the County of Los Angeles.

3.    Plaintiff is informed and believes and thereon alleges that Defendant, DELTA, is located at 200 World Way, Los Angeles, CA 90045.

4.    Plaintiff is informed and believes and thereon alleges that Defendant, PHIL LINGARD, is a resident of Los Angeles, California, residing in the County of Los Angeles.

5.    The true names and capacities of the defendants named herein as DOES 1-10, inclusive, whether individual, corporate, associate or otherwise, are unknown to plaintiff who therefore sues such defendants by fictitious names pursuant to California Code Civil Procedure section 474. Plaintiff is informed and believes that all Doe Defendants are California residents. Plaintiff will amend this Complaint to show such true names and capacities when they have been determined.

6.    Plaintiff is informed and believes, and thereby alleges that each of the Defendants herein were at all times relevant hereto the agent, employee, or representative of the remining Defendants and were acting in least in part, within the course and scope of such relationship in doing the things herein alleged.

7.    Plaintiff is informed and believes, and thereby alleges that each of the Defendants were acting in a single or joint employer, agency, employer, and/or alter ego capacity such that they are liable for the acts of their agents and/or employees.

<u>BACKGROUND FACTS COMMON TO ALL CAUSES OF ACTION</u>

8.    Kenna Porter was a loyal 7-year employee who was fired while on disability on the eve of surgery.  Ms. Porter had provided the appropriate paperwork taking her off work. Notwithstanding, DELTA fired her.  Had they accommodated Ms. Porter for her surgery, she could have returned to work in her position as a Customer Service Representative (CSR).

9.   By way of background, on December 29, 2014, Kenna Porter was hired as a CSR for Delta.

10.   In November 2020, Ms. Porter was suffering from extremely high blood pressure, back pain, and severe migraines.  As a result, she went on medical leave, and was given immune suppressing medication.

11.   Her medical leave and short-term disability communications went through Sedgwick who communicated with DELTA.

12.   In May 2021, Sedgwick informed her that short-term disability was ending.  She stated that she was going back to the doctor on June 10, 2020, and that the doctor would send paperwork.

13.   On June 1, 2021, Ms. Porter submitted a medical note to Sedgwick indicating that she had a follow-up doctor's appointment on June 10, 2020.

14.   On June 2, 2021, Luke Webber, a Long-Term Case Specialist for Sedgwick, informed DELTA that she had been approved to be on disability leave through June 9, 2021.

15.   On that date, the doctor's office sent paperwork advising Sedgwick that Ms. Porter was having gastric bypass surgery on July 12, 2021.

16.   On June 9, 2021, Ms. Porter submitted a medical note from her primary care doctor to Sedgwick taking her off of work until August 10, 2021.

17.   On June 17, 2021, Ms. Porter submitted a follow-up medical note from her medical provider handling her surgery to Sedgwick taking her off of work from July 12, 2021, to August 8, 2021, on account of her gastric bypass surgery.

18.   On June 29, 2021, Ms. Porter called Sedgwick because she had not heard back from them. She informed Sedgwick that she wanted to confirm that they received her off-work notes until August 2021.   She then further advised Sedgwick that she recently had an allergic reaction to her medication.  Ms. Porter informed them that she would send medical paperwork, and Sedgwick stated that they could extend her disability if the paperwork sufficed.

19.   On July 2, 2021, Ms. Porter's medical paperwork was sent to Sedgwick.

20.   On July 6, 2021, Ms. Webber informed her that he needed more specific medical

1    documentation on her functionality to be able to extend her disability leave.  He gave her

2    until July 19, 2021, to provide the paperwork.

3  21.    Notwithstanding, on July 9, 2021, Ms. Porter received a letter dated June 30, 2021, from

4        PHIL LINGARD, Manager LAX Support, threatening termination on July 3, 2021, if she

5        did not resign.  If they did not hear from her by then, she would be fired.

6  22.    On July 12, 2021, Ms. Porter underwent a gastric bypass.  As a result, she lost 50 pounds

7        and her symptoms improved such that she could return to work.

8  23.    On July 16, 2021, Ms. Porter received a "Notice to Employee as to Change in

9        Relationship."  It stated that Ms. Porter had been involuntarily fired on July 1, 2020.

10  24.   At the time of her termination, Ms. Porter was making $22.05 per hour.

11                          FIRST CAUSE OF ACTION

12        DISABILITY DISCRIMINATION - FAILURE TO MAKE REASONABLE

13        ACCOMMODATION IN VIOLATION OF FEHA (Govt. Code, § 12940(n))

14                          (Against All Defendants)

15  25.   Plaintiff repeats and realleges the aforementioned paragraphs as if the same were fully set

16        forth herein and with the same full force and effect.

17  26.   At all times herein relevant, there was an employer/employee, agency, or other qualified

18        relationship between plaintiff and the defendants.

19  27.   It is illegal to discriminate against an individual based upon her disabilities pursuant to

20        California Government Code section 12940 et seq.

21  28.   Plaintiff is/was an individual with disabilities.

22  29.   Plaintiff needed, and defendants were aware of or should have known of the need for

23        accommodation of the disabilities, and/or she requested defendants to provide a reasonable

24        accommodation for the disabilities.

25  30.   Defendant did not provide a reasonable accommodation.

26  31.   Defendant has a pattern and practice of failing to accommodate employees with disabilities.

27  32.   Moreover, Defendant's facially neutral policy of nondiscrimination in employment

28        decisions has an unfavorable impact on those employees who are in a similar position to

1     plaintiff.

2   33.    PHIL LINGARD aided and abetted this discrimination. (*Smith v. BP Lubricants USA Inc.*

3       (2021) 64 Cal.App.5th 138, 145-146.)

4   34.    As a proximate result of Defendant's discrimination against plaintiff, plaintiff has suffered

5       and continues to suffer substantial losses in earnings, and other employment and retirement

6       benefits and has suffered and continues to suffer embarrassment, humiliation and mental

7       anguish all to her damage in an amount according to proof.

8   35.    Defendant did the acts herein alleged maliciously, fraudulently and oppressively, amounting

9       to despicable conduct, and in conscious disregard of plaintiff's rights. The acts alleged

10      herein were known to, authorized and ratified by Defendant. Plaintiff is thus entitled to

11      recover punitive damages from Defendants, and each of them, in an amount according to

12      proof.

13   36.   As a result of Defendant's discriminatory acts as alleged herein, plaintiff is entitled to

14      reasonable attorneys' fees and costs of said suit as provided by California Government Code

15      section 12965, subsection (b).

16   37.   Plaintiff filed timely charges of discrimination with the California Department of Fair

17      Employment and Housing ("DFEH") and EEOC and received a Notice of Case Closure

18      informing her of her right to sue. Therefore, plaintiff has exhausted all of her

19      administrative remedies. (See Exhibit A hereto.)

20                   SECOND CAUSE OF ACTION

21   DISABILITY DISCRIMINATION IN VIOLATION OF FEHA - WRONGFUL TERMINATION

22                     (Govt. Code, § 12940(a))

23                      (Against All Defendants)

24   38.   Plaintiff repeats and realleges the aforementioned paragraphs as if the same were fully set

25      forth herein and with the same full force and effect.

26   39.   At all times herein relevant, there was an employer/employee, agency, or other qualified

27      relationship between plaintiff and the defendants.

28   40.   It is illegal to discriminate against an individual based upon her disabilities pursuant to

1 California Government Code section 12940 et seq.

2 41. Plaintiff is/was an individual with disabilities.

3 42. Defendant terminated plaintiff.  A substantial motivating factor in the termination was

4   plaintiff's disabilities.

5 43. Defendant has a pattern and practice of discriminating against those with disabilities.

6 44. Moreover, Defendant's facially neutral policy of nondiscrimination in employment

7   decisions has an unfavorable impact on those employees who are in a similar position to

8   plaintiff.

9 45. PHIL LINGARD aided and abetted this discrimination.  (*Smith v. BP Lubricants USA Inc.*

10   (2021) 64 Cal.App.5th 138, 145-146.)

11 46. As a proximate result of Defendant's discrimination against plaintiff, plaintiff has suffered

12   and continues to suffer substantial losses in earnings, and other employment and retirement

13   benefits and has suffered and continues to suffer embarrassment, humiliation and mental

14   anguish all to her damage in an amount according to proof.

15 47. Defendant did the acts herein alleged maliciously, fraudulently and oppressively, amounting

16   to despicable conduct, and in conscious disregard of plaintiff's rights.  The acts alleged

17   herein were known to, authorized and ratified by defendant.  Plaintiff is thus entitled to

18   recover punitive damages from Defendant, and each of them, in an amount according to

19   proof.

20 48. As a result of Defendant's discriminatory acts as alleged herein, plaintiff is entitled to

21   reasonable attorneys' fees and costs of said suit as provided by California Government Code

22   section 12965, subsection (b).

23 49. Plaintiff filed timely charges of discrimination with the California Department of Fair

24   Employment and Housing ("DFEH") and EEOC and received a Notice of Case Closure

25   informing her of her right to sue.  Therefore, plaintiff has exhausted all of her

26   administrative remedies.  (See Exhibit A hereto.)

27

28

THIRD CAUSE OF ACTION

RETALIATION IN VIOLATION OF FEHA (Govt. Code, § 12940 (h))

(Against All Defendants)

50.  Plaintiff repeats and realleges by reference each and every allegation contained in the preceding paragraphs and incorporates the same herein as though fully set forth.

51.  At all times herein relevant there was an employer/employee relationship between the Plaintiff and the Defendant.

52.  It is against the law to retaliate against an employee for making protected complaints of discrimination and/or harassment.

53.  Plaintiff's complaints of discrimination and/or harassment were a substantial motivating factor in the retaliation and termination.

54.  Defendant has a pattern and practice of retaliating against employees who make protected complaints.

55.  PHIL LINGARD aided and abetted this retaliation.  (*Smith v. BP Lubricants USA Inc.* (2021) 64 Cal.App.5th 138, 145-146.)

56.  As a proximate result of Defendant's retaliation against Plaintiff, Plaintiff has suffered and continues to suffer substantial losses in earnings, and other employment and retirement benefits and has suffered and continues to suffer embarrassment, humiliation, and mental anguish all to her damage in an amount according to proof.

57.  Plaintiff is informed and believes and based thereon alleges that the outrageous conduct of Defendant described above was done with malice, fraud, and oppression and with conscious disregard for their rights and with the intent, design, and purpose of injuring them. Such actions were taken by, approved of, and/or ratified by managing agents, officers, or directors of Defendant. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum according to proof at trial.

58.  As a result of Defendant's retaliatory acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as provided by California Government Code section12965, section (b).

59. Plaintiff filed timely charges with the California Department of Fair Employment and Housing ("DFEH") and received a Right to Sue Letter. Therefore, Plaintiff has exhausted all of her administrative remedies. (See Exhibit A hereto.)

FOURTH CAUSE OF ACTION

WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

(Against DELTA AIRLINES, INC. and DOES 1-10)

60. Plaintiff repeats and realleges the paragraphs above as if the same were fully set forth herein and with the same full force and effect.

61. Plaintiff was denied accommodation and terminated as a result of the Defendant's violation of fundamental public policies.  It is against California Public Policy to retaliate against an employee for taking medical leave and requesting accommodations for disabilities.

62. Plaintiff's taking of medical leave and requesting accommodations were a substantial motivating factor her termination.

63. As a direct and proximate result of Defendant's actions, Plaintiff has suffered general, special, and consequential damages including, but not limited to, substantial loss of earnings, bonuses, deferred compensation and other employment benefits, emotional distress, mental anguish, embarrassment, humiliation, and anxiety, in an amount according to proof at time of trial within the jurisdiction of this court.

64. Defendant, and each of them, did the acts herein alleged maliciously, fraudulently, and oppressively, amounting to despicable conduct, and in conscious disregard of Plaintiff's rights.  The acts alleged herein were known to, authorized, and ratified by defendants. Plaintiff is thus entitled to recover punitive damages from defendants, and each of them, in an amount according to proof.

FIFTH CAUSE OF ACTION

FAILURE TO REMEDY AND/OR PREVENT DISCRIMINATION AND RETALIATION

(FEHA [Govt. Code, § 12940, subd. (j)(1) & (k)])

(Against DELTA AIRLINES, INC. and DOES 1-10)

65. Plaintiff repeats and realleges by reference each and every allegation contained in the

1    preceding paragraphs and incorporates the same herein as though fully set forth.

2  66.  At all times herein relevant, there was an employer/employee, agency, or other qualified

3       relationship between Plaintiff and the Defendant.

4  67.  It is illegal to discriminate and retaliate against an individual pursuant to California

5       Government Code section 12940 (k).

6  68.  Defendant's discriminated, harassed, and retaliated against Plaintiff.  Defendant knew of

7       this discrimination and retaliation and/or reasonably should have known of it and failed to

8       act to prevent and/or remedy it in violation of Govt. Code, § 12940, subd. (j)(1). Further,

9       Defendant failed to take all reasonable measures to prevent discrimination and retaliation

10      from occurring in violation of Government Code, § 12940, subd. (k).

11  69.  Plaintiff is informed and believes and based thereon alleges that the outrageous conduct of

12      Defendant described above was done with malice, fraud, and oppression and with conscious

13      disregard for their rights and with the intent, design, and purpose of injuring them. Such

14      actions were taken by, approved of, and/or ratified by managing agents, officers, or

15      directors of Defendant. By reason thereof, Plaintiff is entitled to punitive or exemplary

16      damages from Defendant in a sum according to proof at trial.

17  70.  As a proximate result of Defendant's discrimination and retaliation against Plaintiff,

18      Plaintiff has suffered and continues to suffer substantial losses in earnings, and other

19      employment and retirement benefits and has suffered and continues to suffer

20      embarrassment, humiliation, and mental anguish all to her damage in an amount according

21      to proof.

22  71.  As a result of Defendant's acts as alleged herein, Plaintiff is entitled to reasonable attorneys'

23      fees and costs of said suit as provided by California Government Code section12965,

24      section (b).

25  72.  Plaintiff filed timely charges with the California Department of Fair Employment and

26      Housing ("DFEH") and received a Right to Sue Letter. Therefore, Plaintiff has exhausted

27      all of her administrative remedies. (See Exhibit A hereto.)

28

COMPLAINT

SIXTH CAUSE OF ACTION

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(Against All Defendants)

73. Plaintiff repeats and incorporates all paragraphs contained in this complaint as if the same were fully set forth herein and with the same full force and effect.

74. The aforementioned acts were outrageous, extreme, and uncivilized.

75. The acts described above have been intentional and malicious, and done for the purpose of causing Plaintiff to suffer humiliation, anguish, and severe emotional distress, which Plaintiff has suffered. All the same Defendant's actions were authorized or ratified by said Defendant with knowledge that Plaintiff's emotional distress would increase and done with wanton and reckless disregard for the consequences to Plaintiff and were uncivilized.

76. As a proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer substantial losses incurred in earnings, bonuses, deferred compensation, and other employment benefits.

77. Defendant, and each of them, did the acts herein alleged maliciously, fraudulently, and oppressively, amounting to despicable conduct, and in conscious disregard of Plaintiff's rights. The acts alleged herein were known to, authorized, and ratified by defendants. Plaintiff is thus entitled to recover punitive damages from Defendant, and each of them, in an amount according to proof.

78. As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer emotional distress, mental anguish, embarrassment, humiliation, and anxiety all to her damage in an amount in excess of the minimum jurisdictional limits of this court.

SEVENTH CAUSE OF ACTION

DEFAMATION PER SE/PER QUOD

(Against All Defendants)

79. Plaintiff repeats and incorporates all paragraphs contained in this complaint as if the same were fully set forth herein and with the same full force and effect.

80. On June 16, 2021, Mr. Lingard published "We are very concerned that you have been

10

COMPLAINT

absent since 6/10/2021 without contacting us." And "I am in the process of reviewing your file for continued employment. If you do not return to work or we do not hear from you soon, I have no alternative but to assume you are no longer interested in working for Delta Air Lines."   This was published by Mr. Lingard to Ashley Rangel, Human Resources Manager, and Sasha Porobic, Department Manager.

81.   On July 16, 2021, DELTA published that "INVOL-TERM FAIL TO RTN FRM LOA." This was published to/from human resources and management.

82.   However, On June 9, 2021, Ms. Porter submitted a medical note from her primary care doctor to Sedgwick taking her off of work until August 10, 2021.  Further, on June 17, 2021, Ms. Porter submitted a follow-up medical note from her medical provider handling her surgery to Sedgwick taking her off of work from July 12, 2021, to August 8, 2021 on account of her gastric bypass surgery.

83.   On July 6, 2021, Mr. Webber extended her time to provide until July 19, 2021, to provide the paperwork.

84.   The recipients of this defamatory information understood that it referred to Plaintiff.

85.   Defendants knew the statements were false at the time they made them and/or Defendant failed to use reasonable care to determine the truth or falsity of the aforementioned statements.

86.   It was reasonably foreseeable, and Plaintiff did, republish the aforementioned statements.

87.   The statements constitute defamation per se/per quod.

88.   As a proximate result of Defendants' conduct Plaintiff has been damaged and continues to suffer substantial losses incurred in earnings, bonuses, deferred compensation, and other employment benefits.

89.   As a further proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer emotional distress, mental anguish, embarrassment, humiliation, and anxiety all to her damage in an amount in excess of the minimum jurisdictional limits of this court. Plaintiff will seek leave of court to amend her complaint to allege the correct amount at the time of trial or according to proof at trial.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests relief as follows:

1.     For compensatory economic damages according to proof including losses incurred in seeking substitute employment and loss of earnings, and other employment benefits;

2.     For compensatory non-economic damages for losses resulting from humiliation, mental anguish, and emotional distress according to proof;

3.     For interest on the amount of losses incurred in earnings, deferred compensation, and other employee benefits at the prevailing legal rate;

4.     For statutory and civil penalties;

5.     For punitive damages according to proof;

6.     For costs incurred by Plaintiff, including reasonable attorneys' fees;

7.     For reinstatement;

8.     For such other and further relief as the Court may deem proper.


Dated: November 12, 2021          THE RAGER LAW FIRM


                         By:     _____
                                 JEFFREY A. RAGER
                                 JAMES Y. YOON
                                 Attorneys for Plaintiff,
                                 KENNA DONORA PORTER

1

### DEMAND FOR JURY TRIAL

2      Plaintiff hereby demands a trial by jury on all issues triable by a jury in the above-

3  entitled action.

4  Dated: November 15, 2021          THE RAGER LAW FIRM

5

6                                By: _____

7                                    JEFFREY A. RAGER
                                     Attorneys for Plaintiff,
                                     KENNA DONORA PORTER

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                                     GAVIN NEWSOM, GOVERNOR

### DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

KEVIN KISH, DIRECTOR

November 12, 2021

James Yoon
2321 Rosecrans Ave., Suite 4255
El Segundo, California 90245

RE:     **Notice to Complainant's Attorney**
         DFEH Matter Number: 202111-15371412
         Right to Sue: Porter / Delta Air Lines, Inc. et al.

Dear James Yoon:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency        GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**     KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

November 12, 2021

RE:    **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202111-15371412
      Right to Sue: Porter / Delta Air Lines, Inc. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21,
a small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue.
If mediation is requested, the employee is prohibited from filing a civil action until
mediation is complete. The employee's statute of limitations to file a civil action,
including for all related claims not arising under section 12945.2, is tolled from DFEH's
receipt of a mediation request under section 12945.21 until mediation is complete. To
request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

DFEH-ENF 80 RS



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

November 12, 2021

Kenna Porter
2321 Rosecrans Ave Suite 4255
El Segundo, CA 90245

RE:    **Notice of Case Closure and Right to Sue**
       DFEH Matter Number: 202111-15371412
       Right to Sue: Porter / Delta Air Lines, Inc. et al.

Dear Kenna Porter:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective November 12, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete.  To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Kenna Porter                                            DFEH No. 202111-15371412

                          Complainant,

vs.

Delta Air Lines, Inc.
200 World Way
Los Angeles, CA 90045

Phil Lingard
200 World Way
Los Angeles, CA 90045

                          Respondents

---

**1.** Respondent **Delta Air Lines, Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant is naming **Phil Lingard** individual as Co-Respondent(s).

**3.** Complainant **Kenna Porter**, resides in the City of **El Segundo**, State of **CA**.

**4.** Complainant alleges that on or about **July 1, 2021**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical or mental), family care or medical leave (cfra) and as a result of the discrimination was terminated, denied reasonable accommodation for a disability.

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation, requested or used family care or medical leave (cfra) and as a result was terminated, denied reasonable accommodation for a disability.

-1-
*Complaint – DFEH No. 202111-15371412*

Date Filed: November 12, 2021

DFEH-ENF 80 RS

1  **Additional Complaint Details:** Kenna Porter was a loyal 7-year employee who was fired while on disability on the eve of surgery.  Ms. Porter had provided the appropriate
2  paperwork taking her off work.  Notwithstanding, DELTA fired her.  Had they accommodated Ms. Porter for her surgery, she could have returned to work in her position as a Customer
3  Service Representative (CSR).

By way of background, on December 29, 2014, Kenna Porter was hired as a CSR for Delta.
4  In November 2020, Ms. Porter was suffering from extremely high blood pressure, back pain, and severe migraines.  As a result, she went on medical leave, and was given immune
5  suppressing medication.

6  Her medical leave and short-term disability communications went through Sedgwick who communicated with DELTA.

7  In May 2021, Sedgwick informed her that short-term disability was ending.  She stated that she was going back to the doctor on June 10, 2020, and that the doctor would send
8  paperwork.

On June 1, 2021, Ms. Porter submitted a medical note to Sedgwick indicating that she had a
9  follow-up doctor's appointment on June 10, 2020.

On June 2, 2021, Luke Webber, a Long-Term Case Specialist for Sedgwick, informed
10  DELTA that she had been approved to be on disability leave through June 9, 2021.

On that date, the doctor's office sent paperwork advising Sedgwick that Ms. Porter was
11  having gastric bypass surgery on July 12, 2021.

On June 9, 2021, Ms. Porter submitted a medical note from her primary care doctor to
12  Sedgwick taking her off of work until August 10, 2021.

On June 17, 2021, Ms. Porter submitted a follow-up medical note from her medical provider
13  handling her surgery to Sedgwick taking her off of work from July 12, 2021, to August 8, 2021, on account of her gastric bypass surgery.
14  On June 29, 2021, Ms. Porter called Sedgwick because she had not heard back from them. She informed Sedgwick that she wanted to confirm that they received her off-work notes
15  until August 2021.   She then further advised Sedgwick that she recently had an allergic reaction to her medication.  Ms. Porter informed them that she would send medical
16  paperwork, and Sedgwick stated that they could extend her disability if the paperwork
17  sufficed.

On July 2, 2021, Ms. Porter's medical paperwork was sent to Sedgwick.
18  On July 6, 2021, Ms. Webber informed her that he needed more specific medical documentation on her functionality to be able to extend her disability leave.  He gave her
19  until July 19, 2021, to provide the paperwork.

Notwithstanding, on July 9, 2021, Ms. Porter received a letter dated June 30, 2021, from
20  PHIL LINGARD, Manager LAX Support, threatening termination on July 3, 2021, if she did not resign.  If they did not hear from her by then, she would be fired.
21  On July 12, 2021, Ms. Porter underwent a gastric bypass.  As a result, she lost 50 pounds and her symptoms improved such that she could return to work.
22  On July 16, 2021, Ms. Porter received a "Notice to Employee as to Change in Relationship." It stated that Ms. Porter had been involuntarily fired on July 1, 2020.
23  At the time of her termination, Ms. Porter was making $22.05 per hour.

24

25

26                                                    -2-
                              *Complaint – DFEH No. 202111-15371412*
27
   Date Filed: November 12, 2021
28

1  VERIFICATION

2  I, **James Yoon**, am the **Attorney** in the above-entitled complaint.  I have read the
3  foregoing complaint and know the contents thereof.  The matters alleged are based
   on information and belief, which I believe to be true.

4
   On November 12, 2021, I declare under penalty of perjury under the laws of the State
5  of California that the foregoing is true and correct.

6                                                                    **El Segundo, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                      -3-
                            *Complaint – DFEH No. 202111-15371412*
27
   Date Filed: November 12, 2021
28
                                                              DFEH-ENF 80 RS

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

### NOTICE OF CASE ASSIGNMENT

### UNLIMITED CIVIL CASE

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles
11/15/2021
Sherri R. Carter, Executive Officer / Clerk of Court
By: _____ Y. Tarasyuk _____ Deputy

**Your case is assigned for all purposes to the judicial officer indicated below.**

CASE NUMBER:
21STCV41986

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Barbara A. Meiers | 12 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 11/16/2021
(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Y. Tarasyuk _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

### NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

RECEIVED

NOV 16 2021

DEPT. 12

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|
| Jeffrey A. Rager, Esq.<br>The Rager Law Firm<br>2321 Rosecrans Ave., Ste. 4255<br>El Segundo, CA 90245<br>Phone: (310) 527-6994 | 185216 | FILED<br>Superior Court of California<br>County of Los Angeles<br><br>NOV 16 2021 |

ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
111 N. Hill Street, Los Angeles, CA 90012

PLAINTIFF/PETITIONER:
Kenna Donora Porter

DEFENDANT/RESPONDENT:
Delta Airlines, Inc., et al.

| **PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**<br>**(Code Civ. Proc., § 170.6)** | CASE NUMBER:<br>21STCV41986 |
|---|---|

| Name of Judicial Officer: (PRINT)<br><br>Barbara A. Meiers | Dept. Number:<br><br>12 |
|---|---|
| ☑ Judge        ☐ Commissioner        ☐ Referee | |

I am a party (or attorney for a party) to this action or special proceeding. The judicial officer named above, before whom the trial of, or a hearing in, this case is pending, or to whom it has been assigned, is prejudiced against the party (or his or her attorney) or the interest of the party (or his or her attorney), so that declarant cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judicial officer.

## DECLARATION

**I declare under penalty of perjury, under the laws of the State of California, that the information entered on this form is true and correct.**

Filed on behalf of: Kenna Donora Porter
_____
Name of Party

☑ Plaintiff/Petitioner        ☐ Cross Complainant
☐ Defendant/Respondent        ☐ Cross Defendant
☐ Other: _____

Dated: November 16, 2021

_____
Signature of Declarant

Jeffrey A. Rager
_____
Printed Name

**PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**
**(Code Civ. Proc., § 170.6)**

Code Civ. Proc., § 170.6

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles
11/17/2021

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____A. Ortiz_____ Deputy

COURTHOUSE ADDRESS:

Stanley Mosk Courthouse
111 North Hill Street Los Angeles, CA 90012

PLAINTIFF(S):
Kenna Donora Porter

DEFENDANT(S):
Delta Airlines, Inc. et al

**NOTICE OF CASE REASSIGNMENT AND ORDER FOR PLAINTIFF TO GIVE NOTICE (Vacate Dates)**

CASE NUMBER:
21STCV41986

TO THE PLAINTIFF(S) AND PLAINTIFF'S ATTORNEY OF RECORD OR PLAINTIFF(S) IN PROPRIA PERSONA:

You are hereby notified that effective ___11/16/2021___, an order was made that the above-entitled action, previously assigned to ___Barbara A. Meiers___, is now and shall be assigned to ___Lia Martin___ as an Individual Calendar (IC), direct calendaring judge for all purposes, including trial, in department ___16___ at ___Stanley Mosk Courthouse___ (See Chapter 3, Los Angeles Court Rules) All matters on calendar in this case are advanced to this date, vacated, to be rescheduled in the newly assigned department indicated above unless otherwise ordered by the court.

Notice is further given that plaintiff in propria persona or counsel for the plaintiff is ordered to give notice of this all-purpose case assignment by serving a copy of the notice on all parties to this action within 10 days of service of this notice by the court, and file proof of service thereof within 12 days of this notice. Failure to timely give notice and file proof of service may lead to imposition of sanctions pursuant to Code of Civil Procedure section 177.5 or otherwise.

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: ___11/17/2021___          By ___A. Ortiz___

Deputy Clerk

**NOTICE OF CASE REASSIGNMENT AND ORDER FOR PLAINTIFF TO GIVE NOTICE (Vacate Dates)**

(Proposed LACIV 253)
LASC Approved [00/00]

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>11/17/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ A. Ortiz _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Kenna Donora Porter | |
| DEFENDANT/RESPONDENT:<br>Delta Airlines, Inc. et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21STCV41986 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Reassignment/Vacate Hearings upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Jeffrey Andrew Rager
The Rager Law Firm
2321 Rosecrans Ave
Ste 4255
El Segundo, CA  90245

James Y. Yoon
The Rager Law Firm
2321 Rosecrans Ave
Ste 4255
El Segundo, CA  90245

Ashley Jessica Garay
The Rager Law Firm
2321 Rosecrans Ave Ste 4255
El Segundo, CA  90245

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 11/17/2021                    By: _A. Ortiz_____
                                          Deputy Clerk

**CERTIFICATE OF MAILING**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Jeffrey A Rager, SBN 306625<br>The Rager Law Firm<br>2321 Rosecrans Avenue, Suite 4255   El Segundo, CA 90245<br><br>TELEPHONE NO. (310) 527-6994 | FAX NO. (310) 527-6800 | E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff<br>Electronically FILED by Superior Court of California, County of Los Angeles on 12/14/2021 10:35 AM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Miro, Deputy Clerk | |

| **LOS ANGELES COUNTY SUPERIOR COURT** | |
|---|---|
| STREET ADDRESS: 111 NORTH HILL ST. | |
| MAILING ADDRESS: 111 NORTH HILL ST. | |
| CITY AND ZIP CODE: LOS ANGELES, CA 90012 | |
| BRANCH NAME: CENTRAL DISTRICT | |

| PLAINTIFF/PETITIONER:   KENNA DONORA PORTER | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT:   DELTA AIRLINES, INC., a corporation; et al. | 21STCV41986 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☑ Summons

   b. ☑ Complaint

   c. ☑ Alternative Dispute Resolution (ADR) package

   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*

   e. ☐ Cross-complaint

   f. ☑ other *(specify documents)*: **Notice of Reassignment and Order for Plaintiff to Give Notice; Notice of Case Assignment-Unlimited Civil Case; Peremptory Challenge to Judicial Officer; First Amended General Order; Order Pursuant to CCP 1054(a); Civil Case Cover Sheet Addendum and Statement of Location**

3. a. Party served *(specify name of party as shown on documents served)*:

   **DELTA AIRLINES, INC., a corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

   **"Jane Doe" (Would not Divulge Full Name) - Front Desk, Authorized to Accept**

   | Age: 40 | Weight: 200 | Hair: Black | Sex: Female |
   |---|---|---|---|
   | Height: 6'6" | Eyes: No Glasses | Race: African American | |

4. Address where the party was served: **251 Little Falls Drive**
   **Wilmington, DE 19808**

5. I served the party (check proper box)

   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: **12/3/2021**   (2) at *(time)*: **10:41 AM**

   b. ☐ **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date)*: from *(city)*:   or ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>POS010-1/TLV304405 |
|---|---|---|

PETITIONER: KENNA DONORA PORTER

RESPONDENT: DELTA AIRLINES, INC., a corporation; et al.

CASE NUMBER: 21STCV41986

---

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*          *(2) from (city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ☑ On behalf of *(specify):* **DELTA AIRLINES, INC., a corporation**
    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)          ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)           ☐ 415.46 (occupant)
                             ☐ other:

7. **Person who served papers**
  a. Name: **Selena Cabrera - Team Legal, Inc.**
  b. Address: **25876 The Old Road  Valencia, CA 91381**
  c. Telephone number: **(661) 964-0154**
  d. **The fee** for service was: **$ 150.00**
  e. I am:

    (1) ☑ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ registered California process server:
        (i) ☐ owner    ☐ employee    ☐ independent contractor.
        (ii) Registration No.: **N/A**
        (iii) County: **N/A**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **12/3/2021**

**Team Legal, Inc.
25876 The Old Road
Valencia, CA 91381
(661) 964-0154**

---

        **Selena Cabrera**                         ▶
  (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)           (SIGNATURE)

---

POS-010 [Rev January 1, 2007]           **PROOF OF SERVICE OF SUMMONS**           Page 2 of 2
POS-010/TLV304405
DELTA AIRLINES, INC., a corporation

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Jeffrey A Rager | SBN: 185216
The Rager Law Firm
2321 Rosecrans Avenue, Suite 4255 El Segundo, CA 90245

TELEPHONE NO: (310) 527-6994 | FAX NO: (310) 527-6800 | E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiff

**LOS ANGELES COUNTY SUPERIOR COURT**

STREET ADDRESS: 111 NORTH HILL ST.

MAILING ADDRESS: 111 NORTH HILL ST.

CITY AND ZIP CODE: LOS ANGELES, CA 90012

BRANCH NAME: CENTRAL DISTRICT

PLAINTIFF/PETITIONER: KENNA DONORA PORTER

DEFENDANT/RESPONDENT: DELTA AIRLINES, INC., a corporation; et al.

CASE NUMBER: 21STCV41986

| AFFIDAVIT OF REASONABLE DILIGENCE | Ref. No. or File No. |
|---|---|

I, Selena Cabrera , declare: I am a Registered Process Server and was retained to serve process in the above-referenced matter on the following person or entity: DELTA AIRLINES, INC., a corporation as follows:
Documents:

**See Documents on Attached List**

I attempted personal service on the following dates and times with the following results:

| Date | Time | Location | Results |
|---|---|---|---|
| 12/3/2021 - 10:41 AM | | Signed into CSC Portal and placed documents in CSC designated basket in the prescence of "Jane Doe" (40/ Female/ 5'6"/ 200lbs/ African American/ Black hair/ No Glasses). | |

**251 Little Falls Drive, Wilmington, DE 19808**
**ADDRESS TYPE - BUSINESS**

Fee for Service: **$ 150.00**
County: **N/A**
Registration No.: **N/A**
Team Legal, Inc.
25876 The Old Road
Valencia, CA 91381
(661) 964-0154

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on December 3, 2021.

Signature: _____
**Selena Cabrera**

**AFFIDAVIT OF REASONABLE DILIGENCE**

Order#: TLV304405

Team Legal Inc.
25876 The Old Road
Valencia, CA 91381
Phone: (661) 964-0154   Fax: (661) 255-7484

Continued from Proof of Service

**CLIENT:**   The Rager Law Firm

**CLIENT FILE #:**                                                    **DATE:**   December 3, 2021

**SUBJECT:**   DELTA AIRLINES, INC., a corporation

**Summons; Complaint; Alternative Dispute (ADR) package; Civil Case Cover Sheet (served in complex cases only); Notice of Reassignment and Order for Plaintiff to Give Notice; Notice of Case Assignment-Unlimited Civil Case; Peremptory Challenge to Judicial Officer; First Amended General Order; Order Pursuant to CCP 1054(a); Civil Case Cover Sheet Addendum and Statement of Location;**

**Team Legal Inc.**
**Legal Support Services**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

**12/21/2021**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____V. Ponce_____ Deputy

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Kenna Donora Porter

DEFENDANT:
Delta Airlines, Inc. et al

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
21STCV41986

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 05/09/2022 | Time: 9:00 AM | Dept.: 16 |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT  FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC, Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: __12/21/2021__

_____Lia Martin / Judge_____
Judicial Officer

*Lia Martin*

---

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in __Los Angeles__, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Jeffrey Andrew Rager
2321 Rosecrans Ave
Ste 4255
El Segundo, CA 90245

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: __12/21/2021__

By __V. Ponce__
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**12/21/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ V. Ponce _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Kenna Donora Porter | |
| DEFENDANT/RESPONDENT:<br>Delta Airlines, Inc. et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21STCV41986 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Jeffrey Andrew Rager
The Rager Law Firm
2321 Rosecrans Ave
Ste 4255
El Segundo, CA  90245

Attorney's and self representing litigants may appear via the use of remote technology (including Microsoft Teams - LACCCourtCourt)/

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 12/21/2021          By:  V. Ponce _____
                                Deputy Clerk

**CERTIFICATE OF MAILING**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

**12/21/2021**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____V. Ponce_____ Deputy

COURTHOUSE ADDRESS:

Stanley Mosk Courthouse

111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF(S):

Kenna Donora Porter

DEFENDANT(S):

Delta Airlines, Inc. et al

**ORDER TO SHOW CAUSE HEARING**

CASE NUMBER:

21STCV41986

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on <u>05/09/2022</u> at <u>9:00 AM</u> in department <u>16</u> of this court, <u>Stanley Mosk Courthouse</u>, and show cause why sanctions should not be imposed for:

[✔]   Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following:  California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✔]   To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.



**Lia Martin**

Dated:  <u>12/21/2021</u>

_____
Lia Martin / Judge
Judicial Officer

**ORDER TO SHOW CAUSE HEARING**

Cal. Rules of Court, rule 2.30
LASC Local Rules, Chapter 7

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**12/21/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ V. Ponce _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Kenna Donora Porter | |
| DEFENDANT/RESPONDENT:<br>Delta Airlines, Inc. et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21STCV41986 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Failure to File Proof of Service upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Jeffrey Andrew Rager
The Rager Law Firm
2321 Rosecrans Ave
Ste 4255
El Segundo, CA  90245

Attorney's and self representing may appear via the use of remote technology (including Microsoft Teams - LACCCourtConect).

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 12/21/2021                    By:  V. Ponce _____
                                              Deputy Clerk

**CERTIFICATE OF MAILING**