UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 22-24 MRW | Date | May 31, 2022 |
|---|---|---|---|
| Title | Porter v. Delta Airlines | | |

| Present: | Hon. Michael R. Wilner, U.S. Magistrate Judge | |
|---|---|---|
| | Veronica Piper | n/a |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys for Plaintiff: | Attorneys for Defendant: |
| | n/a | n/a |

Proceedings:   ORDER REMANDING ACTION

### Introduction and Summary of Decision

1.  This is an employment discrimination action involving an airline. Defendant Delta Airlines fired Plaintiff Porter. Plaintiff contends that the airline fired her because of her medical ailments and her need for accommodation at work. She also contends that an HR employee intentionally caused her emotional distress and defamed her by actions he took in the course of her termination. All of Plaintiff's claims sound under state law; she pled no federal question cause of action.

2.  Notably, the HR employee (Defendant Lingard) is a California resident. As a result, Plaintiff contends that the action – originally filed in the state superior court, and removed to this federal court on diversity-of-citizenship grounds – must be remanded.

3.  The Court reviewed the parties' briefing regarding the motions to remand and to dismiss the original complaint (Docket # 26, 29-33), the First Amended Complaint (Docket # 36), and the parties' post-FAC supplemental briefing. (Docket # 38-39.) I also reviewed my notes of our lengthy hearing in March.[1] After reviewing the modestly-enhanced allegations against Mr. Lingard in the FAC, the Court concludes that there is a "non-fanciful possibility" that Plaintiff could state a cause of action against him in state court. On that basis, the Court must remand the action to state court.[2]

---

[1]   On that basis, the Court dispenses with oral argument on the remand motion. L.R. 7-15.

[2]   To be clear, as the pleading party, Plaintiff is entitled as a matter of federal jurisdictional practice to choose to pursue her case in the state superior court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 22-24 MRW | Date | May 31, 2022 |
|---|---|---|---|
| Title | Porter v. Delta Airlines | | |

### Relevant Law and Analysis

4.      A lengthy recitation of the facts and legal principles is unnecessary.  In the absence of any federal questions in the complaint, this district court only has jurisdiction over a civil action where the matter in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties.  28 U.S.C. § 1332.  "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal."  Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 944 (9th Cir. 2009) (citation omitted).  A decision to remand an action for lack of diversity of citizenship jurisdiction is ordinarily not subject to federal appellate review.  BP PLC v. Mayor and City Council of Baltimore, ___ U.S. ___, 141 S. Ct. 1532, 1536 (2021).

5.      A well-established exception to the requirement of complete diversity is "where a non-diverse defendant has been 'fraudulently joined.'"  Hunter v. Phillip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009) (quotation omitted).  Fraudulent joinder occurs when "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state."  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir, 2001).  If a party has been fraudulently joined, the court may ignore the presence of the "sham party" for the purpose of determining the existence of diversity.  Hunter, 582 F.3d at 1043.

6.      However, the burden of proving a fraudulent joinder "is a heavy one." Sanchez v. Lane Bryant, Inc., 123 F. Supp. 3d 1238, 1241 (C.D. Cal. 2015) (quotation omitted).  If, as alluded to above, there is a "non-fanciful possibility that plaintiff can state a claim under state law" against a non-diverse defendant, "a joinder is not deemed fraudulent."  Burnett v. McLane Foodservice, Inc., No. ED CV 18-1908 JAK (SHKx), 2019 WL 446225 at *5 (C.D. Cal. 2019) (cleaned up); Piril v. Ferguson Enterprises, LLC, No. CV 21-3800 PSG (RAOx), 2021 WL 3630372 at *6 (C.D. Cal. 2021) ("although Plaintiff's IIED

---

However, I continue to have doubts about the wisdom or efficacy of that choice, particularly given the delays in our state court system in bringing civil cases to resolution during the Covid crisis.  But it seems clear that Plaintiff – or, in reality, her lawyer – would apparently prefer to wait for a trial date in state court based on the "non-fanciful possibility" that potential recovery in this action could somehow be augmented by including derivative claims against the HR functionary.  They made that decision after – as we discussed at length at our hearing – I informed the parties that they would receive a firm federal court trial in less than one year with my vigorous policing of discovery in the buildup.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 22-24 MRW | Date | May 31, 2022 |
|---|---|---|---|
| Title | Porter v. Delta Airlines | | |

claim is weak as pleaded," non-fanciful possibility of asserting valid claim warranted remand).

7. There is a "strong presumption against removal jurisdiction"; a court must remand an action "if there is any doubt as to the right of removal in the first instance." Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010) (citation and internal quotation omitted). Additionally, there is a "general presumption against [finding] fraudulent joinder." Hunter, 582 F.3d at 1046. Because doubts weigh against removal, a court determining whether joinder is fraudulent "must resolve all material ambiguities in state law in plaintiff's favor." Gomez v. Mirada Hills Rehabilitation, No. CV 15-8877 MWF (JEM), 2016 WL 370692 at * 2 (C.D. Cal. 2016) (citations omitted). Deciding whether a defendant is fraudulently joined requires a court to "walk a very fine line: it must consider the merits of a matter without assuming jurisdiction over it." Davis v. Prentiss Props. Ltd., 66 F. Supp. 2d 1112, 1114 (C.D. Cal. 1999).

8. In the specific context of a claim of intentional infliction of emotional distress, the elements of the cause of action require pleading and proof that the defendant: (1) engaged in "extreme and outrageous conduct" with the intention of causing harm to Plaintiff; (2) Plaintiff "actually suffered severe or extreme emotional distress"; and (3) the defendant's "outrageous conduct" was the proximate cause of injury. Ross v. Creel Printing & Publishing Co., 100 Cal. App. 4th 736, 744-45 (2002). Under California law, an employee generally cannot maintain such a tort claim against a co-worker or supervisor based on ordinary workplace or management events. Janken v. GM Hughes Electronics, 46 Cal. App. 4th 55, 64-65, 80 (1996).

9. However, as the parties rightly note in their papers, federal courts often split on the question of whether allegations of misconduct can rise to the level of "outrageous" when considered under the "non-fanciful possibility" analysis. See, e.g., Piril, 2021 WL 3630372 at *6 (collecting cases); Saunders v. Sally Beauty Supply LLC, No. CV 20-2421 GW (PLAx), 2020 WL 1847620 at *2-3 (C.D. Cal. 2020) (collecting more); Breyman v. Canon Solutions America, No. CV 15-9975 MRW, 2016 WL 715723 at *3 (C.D. Cal. 2016) (me, doing the same).

* * *

10. Plaintiff's original complaint made only minimal, glancing reference to Mr. Lingard and his alleged bad behavior toward Plaintiff. In our video hearing, I had

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-24 MRW | Date | May 31, 2022 |
|---|---|---|---|
| Title | Porter v. Delta Airlines | | |

difficulty in distinguishing the cursory allegations from those in Breyman – a case in which I denied a similar remand motion.

11. But Plaintiff filed an amended complaint that provided additional details about her grievance against Mr. Lingard. Those allegations include the somewhat-fishy facts that the HR employee: had access to Plaintiff's medical claim records; sent important job-related information to a drug store "drop location" rather than to Plaintiff directly; imposed tight or unworkable deadlines for her response; and did not reflect Plaintiff's interaction with other components of the airline or its outside contractor. (Docket # 36 (FAC) at 3-7.)

12. If proved, those additional allegations could, with a favorable breeze and a downhill slope, conceivably lead a so-inclined jury to conclude that the HR guy acted in an outrageous manner to get Plaintiff fired and cause her harm. Put another way, I now agree that there's a non-fanciful possibility that Plaintiff could state or has stated a claim against Mr. Lingard.³ Sanchez, 123 F. Supp. 3d at 1241; Burnett, 2019 WL 446225 at *5; Piril, 2021 WL 3630372 at *6; Saunders, 2020 WL 1847620 at *2-3.

13. Because the FAC can be read to assert a potentially valid IIED cause of action against a non-diverse party, I decline to take up Delta's thoughtful arguments regarding the, um, creative defamation claim against Mr. Lingard. The defense will be well able to tee that up for evaluation in a state court demurrer proceeding shortly.

---

³ To be clear, I don't fault the defense at all for opposing remand or for, quite reasonably, emphasizing my previous ruling in Breyman. (Docket # 38 at 5, 7-8.) Believe me, I'm flattered. But I conclude that the additional allegations in Ms. Porter's FAC against a non-supervisor go beyond the even flimsier allegations of misconduct presented in Breyman; the case is distinguishable on that basis alone. Moreover, notwithstanding Delta's well-researched supplemental brief (id.), the tide of more recent decisions in this district in the six years since the Breyman ruling has decisively turned toward remanding these employment-plus cases. See, e.g., Ayiol v. Sunrise Senior Living Management, Inc., CV 21-3457 SB (AFMx), 2021 WL 2567994 (C.D. Cal. 2021); Tipton v. Walmart Inc., No. CV 21-2952 ODW (JPRx), 2021 WL 1561462 (C.D. Cal. 2021); Chavez v. Schlumberger Tech. Corp., No. CV 21-4817 MWF (MARx), 2021 WL 3403741 (C.D. Cal. 2021). The strength of that tide sweeps me along here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 22-24 MRW | Date | May 31, 2022 |
|---|---|---|---|
| Title | Porter v. Delta Airlines | | |

### Conclusion

14.   Plaintiff's motion to remand the action is GRANTED.  The Clerk is directed to remand the case to the Los Angeles Superior Court and close the federal action.